GRAVES, *Ap't, v.* GRAVES, *Adm'x, Ap'ee.*

Section 12 of chapter 180, General Statutes, authorizing the judge of probate to extend the time allowed to the creditors of an estate for proving their claims, does not authorize an extension of time for an heir to contest a creditor's claim.

PROBATE APPEAL. The plaintiff petitioned the probate court, representing that he is an heir at law of Wm. Graves, deceased, whose estate has been represented as insolvent; that a commission of insolvency issued thereon, the term of which has expired; that the report of the commissioner has been accepted, although less than eight months had elapsed from the time of taking administration upon the estate before the acceptance of said report; that the plaintiff had no actual notice of the appointment of said commissioner, nor of his sittings, nor of the acceptance of his report, and that the want of notice did not occur through any fault or negligence of the plaintiff; that a claim to the amount of $1,517.52 has been allowed in favor of a daughter of the administratrix, without the knowledge of the plaintiff or any of the heirs at law of the estate, which claim he believes to be unfounded and unjust, as against him and the other heirs, for whom, as well as himself, he files his petition, and prays that said commission may be extended in order that he may contest the validity of said claim.

The court of probate dismissed the petition, and the plaintiff appealed.

*Barnard & Leach,* for the plaintiff.

*Shirley,* for the defendant.

FOSTER, J. The plaintiff contends that the term "creditors," as expressed in Gen. St., *c.* 180, *s.* 12, should receive such a construction as to include heirs; but we are unable to discover anything in any of the various statutes to which we have been referred by counsel, which indicates any intention of the legislature to give to these terms, "creditor" and "heir," any other than their natural and usual signification. They have no legal or technical meaning different from that which belongs to the ordinary sense of language. So far from being synonymous, or associated in a class of similar condition, they are, when applied to an interest in an estate, so dissimilar as to be antagonistic,—the heir at law succeeding to the obligations of the deceased to the creditors of the estate.

The statute does not authorize the probate court to extend the commission for the purpose of enabling an heir to contest a creditor's claim that has been allowed. The appeal must be dismissed, and the

*Decree affirmed.*